WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Espinoza,<br><br>                    Plaintiff,<br><br>v.<br><br>Trans Union LLC, et al.,<br><br>                    Defendants. | No. CV-22-01670-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Defendant Trans Union LLC's ("Trans Union") motion to stay this case in its entirety pending resolution of Trans Union's pending motion to dismiss. (Doc. 41.) The motion to stay can be resolved without the need for further briefing. For the reasons below, the motion is denied.

## BACKGROUND

On January 31, 2023, Plaintiff filed the first amended complaint ("FAC"), alleging that Trans Union, Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc ("Experian"), and Citibank, N.A. ("Citibank") negligently and willfully violated the Fair Credit Reporting Act by inaccurately including in their consumer reports a monthly payment owed by Plaintiff on an a closed account and by failing to adequately investigate the accuracy of the reported information after Plaintiff disputed it. (Doc. 14.)

On February 14, 2023, Trans Union filed a motion to dismiss the FAC. (Doc. 17.) The motion argues that "Trans Union's reporting . . . was accurate and not misleading" and that dismissal with prejudice is warranted "as a matter of law." (*Id.* at 16.) Trans Union

asks the Court to consider documents outside the FAC to resolve the motion to dismiss. (*Id.* at 3-4.)

On February 28, 2023, Plaintiff filed a response to the motion to dismiss which opposes Trans Union's arguments on the merits and opposes Trans Union's request that the Court consider documents outside the FAC, arguing that doing so would convert the motion into a motion for summary judgment, in which case Plaintiff should be permitted discovery pursuant to Federal Rule of Civil Procedure 56(d). (Doc. 21.)

On March 7, 2023, Trans Union filed a reply. (Doc. 23.)

On March 27, 2023, Plaintiff filed a notice that his claims against Experian had been settled. (Doc. 24.) Those claims were voluntarily dismissed. (Doc. 34.)

On April 18, 2023, Citibank filed an answer. (Doc. 30.)

On April 27, 2023, the Court ordered Plaintiff's claims as to Citibank only to binding arbitration. (Doc. 35.)

On May 3, 2023, Equifax filed an answer. (Doc. 36.)

On May 8, 2023, the Court ordered the parties to meet, confer, and develop a Rule 26(f) joint case management report by June 5, 2023. (Doc. 37.)

On June 9, 2023, at Trans Union's request, the Court extended the deadline to file a joint case management report to June 26, 2023. (Doc. 40.)

On June 12, 2023, Trans Union filed the pending motion to stay. (Doc. 41.)

**ANALYSIS**

Trans Union's two-paragraph argument in favor of staying this action asserts that Trans Union believes there is "a strong likelihood" that the Court will grant its motion to dismiss and that a stay would allow the Court to dispose of the claims[1] "before the parties (and this Court) expend the time and resources needed in connection with dispositive

---

[1] Trans Union states that "Plaintiff has failed to identify any actionable claim *against Trans Union*" but that resolution of Trans Union's motion to dismiss "will dispose of all of Plaintiff's claims" such that "the case" should be stayed. (Doc. 41 at 3) (emphasis added). The motion is inconsistent as to whether its arguments are specific to Plaintiff's claims *against Trans Union* or apply equally to Plaintiff's claims against all Defendants.

motions."[2] (Doc. 41 at 3.)

"Courts have traditionally looked unfavorably upon blanket stays of discovery while Rule 12 motions are pending." *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1165 (N.D. Cal. 2021).

> Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation. Under Rule 33, for instance, interrogatories may be served at the same time as the summons and complaint. Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, this is not such a case.

*Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citation omitted).

"A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* "[T]he moving party must show more than an apparently meritorious 12(b)(6) claim." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555 (D. Nev. 1997).

Trans Union has not met its burden of demonstrating that a stay is warranted, as a bald assertion that a motion to dismiss will probably succeed, without more, is insufficient. Furthermore, the allegations in the FAC are essentially identical as to all four defendants, yet after Trans Union filed its motion to dismiss, two defendants answered the FAC and one defendant settled, which suggests that there is room for disagreement (even among the defendants) as to whether the claims are subject to dismissal as a matter of law on the pleadings. Moreover, Equifax remains an active litigant in this action and chose to answer, rather than filing a motion to dismiss, and Trans Union has not explained how its motion to dismiss could justify a stay as to Plaintiff's claims against Equifax. But if discovery

---

[2] Trans Union's assertion that a stay would spare the parties and the Court from "dispositive motions" is a curious one. At this stage of the litigation, a stay would spare the parties from *discovery*. Trans Union's pending dispositive motion has already taken time and resources from the parties and will require time and resources from the Court, with or without a stay.

were to proceed as to Equifax and be stayed as to Trans Union, this could "unnecessarily lead to duplicative documents production and depositions." *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995).  Finally, a stay of discovery pending resolution of the motion to dismiss is particularly inappropriate where the motion to dismiss asks the Court to rely on documents outside of the FAC and the parties dispute whether the motion to dismiss should be viewed as a motion for summary judgment and whether Plaintiff is entitled to Rule 56(d) discovery.

Accordingly,

**IT IS ORDERED** that Trans Union's motion to stay (Doc. 41) is **denied**.

Dated this 14th day of June, 2023.

Dominic W. Lanza
United States District Judge