**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Espinoza,<br><br>    Plaintiff,<br><br>v.<br><br>Trans Union LLC, et al.,<br><br>    Defendants. | No. CV-22-01670-PHX-DWL<br><br>**ORDER** |

Pending before the Court is a motion for summary judgment filed by Defendant Equifax Information Services, LLC ("Equifax"). (Doc. 57.) Plaintiff, who is represented by counsel, did not respond. For the following reasons, the motion is granted and this action is terminated.

**RELEVANT BACKGROUND**

On January 31, 2023, Plaintiff filed the operative pleading in this action, the First Amended Complaint ("FAC"). (Doc. 14.) As relevant to Equifax,[1] the FAC alleges as follows.

On an unspecified date, non-party CBNA "inaccurately reported" a tradeline regarding Plaintiff to Equifax. (*Id.* ¶ 7.) More specifically, "CBNA is inaccurately reporting a tradeline . . . as BIG O TIRES/CBNA with a monthly payment amount of $29.00 on Plaintiff's . . . Equifax credit disclosure[]. The account reflected by the Errant

---

[1] The FAC also names Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), and Citibank, N.A. ("Citibank") as Defendants. (Doc. 14.) Plaintiff has since voluntarily dismissed Experian (Docs. 34) and Citibank (Doc. 59) and his claims against Trans Union were dismissed without leave to amend (Doc. 56).

Tradeline was closed by CBNA.  Plaintiff no longer has an obligation to make monthly payments to CBNA.  [CBNA] closed the account.  Hence, the entire balance is due presently as Plaintiff has neither the right nor the obligation to satisfy this debt in monthly installments." (*Id.* ¶ 9.)

"On or about November 4, 2022, Plaintiff submitted a letter to Equifax disputing the CBNA Errant Tradeline.  In his dispute letter, Plaintiff explained that he does not owe recurring payments.  Hence, Plaintiff no longer has an obligation to make monthly payments to CBNA.  Plaintiff asked Equifax to report the monthly payment as $0." (*Id.* ¶ 16.)  Nevertheless, "[o]n December 13, 2022, Plaintiff obtained his Equifax credit disclosure, which showed that Equifax and CBNA failed or refused to report the Errant Tradeline with a scheduled monthly payment as $0.00." (*Id.* ¶ 22.)

Based on these allegations, Plaintiff asserts two claims against Equifax.  First, in Count Seven, Plaintiff asserts a claim for negligent violation of the Fair Credit Reporting Act ("FCRA").  (*Id.* ¶¶ 69-75.)  More specifically, Plaintiff alleges that (1) "Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b)"; and (2) "[a]fter receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i." (*Id.*)  Second, in Count Eight, Plaintiff asserts a claim for willful violation of the FCRA.  (*Id.* ¶¶ 76-82.)  The allegations underlying this claim are similar to the allegations underlying Count Seven, except Plaintiff alleges that Equifax's failures were willful rather than negligent.  (*Id.* ¶¶ 74, 81.)

On January 5, 2024, Equifax filed the pending motion for summary judgment.  (Doc. 57.)  The time to respond has expired and Plaintiff has not filed a response.

…

…

…

…

**DISCUSSION**

I.   Legal Standard

"The court shall grant summary judgment if [a] movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014). The court "must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inference in the nonmoving party's favor." *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018). "Summary judgment is improper where divergent ultimate inferences may reasonably be drawn from the undisputed facts." *Fresno Motors*, 771 F.3d at 1125 (internal quotation marks omitted).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). "If . . . [the] moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103.

"If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Id.* There is no issue for trial unless enough evidence favors the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal

citations omitted).  At the same time, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Id.* at 254.  Thus, "the trial judge's summary judgment inquiry as to whether a genuine issue exists will be whether the evidence presented is such that a jury applying that evidentiary standard could reasonably find for either the plaintiff or the defendant." *Id.* at 255.

II.     The Parties' Arguments

Equifax argues it is entitled to summary judgment for five reasons. (Doc. 57.) First, Equifax argues that because Plaintiff "does not have any evidence that Equifax caused him to suffer any damages"—"Plaintiff admits that he has not sustained and is not seeking lost wages, that he is not seeking any out-of-pocket financial loss, and that he has not sought any medical treatment as a result of Equifax's actions" and only offers "conclusory statements regarding emotional distress" for which "he has zero proof to link the alleged [distress] to Equifax"—it follows that Plaintiff lacks Article III standing to pursue his FCRA claims. (*Id.* at 9-13.)  Second, Equifax argues that, for various reasons, Plaintiff cannot show the challenged reporting was inaccurate, which is a prerequisite to liability under the FCRA.  (*Id.* at 13-18.)  Third, Equifax argues that Plaintiff also lacks the necessary evidence to succeed on an FCRA claim because "there was no 'consumer report' to sustain a section 1681e(b) claim" and alternatively because "Equifax did not publish Plaintiff's consumer report to a third party."  (*Id.* at 18-19.)  Fourth, Equifax argues that Plaintiff also cannot establish liability because "the evidence clearly establishes that Plaintiff did not submit a direct dispute to Equifax" and thus did not satisfy the requirement in § 1681i that the "consumer" must "notif[y] the agency directly." (*Id.* at 19-20.)  Fifth, Equifax argues that, at a minimum, Plaintiff lacks evidence of a willful violation, as required under Count Eight.  (*Id.* at 20-22.)

As noted, Plaintiff did not respond to the summary judgment motion.

…

IIII.  Analysis

Although Plaintiff's failure to respond to Equifax's motion does not mean the motion may be treated as unopposed and summarily granted on that basis,[2] that failure still carries significant consequences. Under Rule 56(e)(2), "[i]f a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Here, Equifax asserted in its summary judgment motion that Plaintiff did not suffer any damages arising from the challenged conduct. (Doc. 57 at 9-13.) Equifax also submitted evidence in support of that factual assertion. (*Id.*) Because Plaintiff did not respond to Equifax's motion, the Court may consider the absence of damages as undisputed. *Cf. Scarff v. Intuit, Inc.*, 318 F. App'x 483, 486 (9th Cir. 2008) ("[D]efendants' summary judgment motion contended the plaintiffs failed to show they were personally damaged. . . . Because [Plaintiffs] failed to respond to this contention with specific evidence they were somehow damaged, under Rule 56(e) the district court correctly granted the defendants' motion for summary judgment because the plaintiffs cannot prove fraud or conversion without damages.").

In a related vein, Equifax asserted in its summary judgment motion that it "did not publish Plaintiff's consumer report to a third party" and that "there was no *communication* from Equifax to anyone regarding Plaintiff in the relevant timeframe." (Doc. 57 at 18.) Because Plaintiff did not respond to Equifax's motion, the Court may consider the absence of third-party dissemination as undisputed.

Given this backdrop, Equifax is correct that Plaintiff lacks standing to pursue his FCRA claims. *See, e.g., TransUnion LLC v. Ramirez*, 594 U.S. 413, 433-39 (2021) (concluding that the subset of plaintiffs whose inaccurate credit reports were never disseminated to third-party businesses lacked standing to pursue FCRA claims: "The

---

[2] *See, e.g., Finkle v. Ryan*, 174 F. Supp. 3d 1174, 1180-81 (D. Ariz. 2016) ("[A] local rule permitting a district court to treat the lack of a response as consent to granting a motion does not apply to summary judgment motions. If a summary judgment motion is unopposed, Rule 56 authorizes the court to consider a fact as undisputed, but it does not permit the court to grant summary judgment by default.") (cleaned up); Fed. R. Civ. P. 56, advisory committee note to 2010 amendments ("[S]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion.").

- 5 -

standing inquiry in this case thus distinguishes between (i) credit files that consumer reporting agencies maintain internally and (ii) the consumer credit reports that consumer reporting agencies disseminate to third-party creditors. The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm."); *Jaras v. Equifax, Inc.,* 766 F. App'x 492, 495 (9th Cir. 2019) ("Without any allegation of the [inaccurate] credit report harming Plaintiffs' ability to enter a transaction with a third party in the past or imminent future, Plaintiffs have failed to allege a concrete injury for standing"); *Gadomski v. Patelco Credit Union*, 2022 WL 223878, *5 (E.D. Cal. 2022) (noting that "there is no clear authority on whether an inaccurate credit report alone is enough to establish a concrete injury in fact" before concluding that standing is lacking where the inaccurate credit report was never disseminated to third parties).

Finally, although "[a] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)," *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007), the Court clarifies if Plaintiff were somehow deemed to have standing here, it would have granted summary judgment to Equifax for the additional reasons identified in Equifax's motion in light of Plaintiff's failure to dispute the factual assertions in Equifax's motion.

**IT IS ORDERED** that Equifax's motion for summary judgment (Doc. 57) is **granted**. Because this ruling disposes of all remaining claims in this action, the Clerk shall enter judgment accordingly and terminate this action.

Dated this 11th day of March, 2024.

_____
Dominic W. Lanza
United States District Judge